PROB 12C
(04/08)

FILED December 27, 2012

13 JAN -4 AM 11:00

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Julio Cesar Chumacera (English)   **Dkt No.:** 06CR02250-001-WQH

**Reg. No.:** 95498-198

**Name of Sentencing Judicial Officer:** The Honorable William Q. Hayes, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class A felony.

**Date of Sentence:** February 26, 2007

**Sentence:** 57 months custody and 5 years supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** March 4, 2011

**Asst. U.S. Atty.:** Stewart Young   **Defense Counsel:** Erica Zunkel, Fed. Defs., Inc.
(Appointed)
(619) 234-8467

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(nv1)* | 1. On or about December 18, 2012, Julio Chumacera Imported Methamphetamine in violation of 21 U.S.C. §§ 952 and 960, as evidenced by the complaint filed in U.S. District Court, Southern District of California, Dkt. No. 12MJ04693-001-MDD. |

***Grounds for Revocation:*** As to allegation 1, I have received and reviewed the complaint and probable cause statement filed in U.S. District Court, Southern District of California, Dkt. No. 12MJ04693-001-MDD, which reveals the following: On or about December 18, 2012, Mr. Chumacera attempted to enter the United States from Mexico through the Otay Mesa, California, Port of Entry, as the driver and sole occupant of a 2003 Mini Cooper, bearing California license plates. U.S. Customs Border Protection (CBP) officers inspected the vehicle and discovered ten packages concealed in a duffle bag which contained approximately 4.95 kilograms of methamphetamine.

Mr. Chumacera was arrested and arraigned on December 19, 2012 before Magistrate Judge Mitchell D. Dembin. A preliminary hearing date has been scheduled for January 3, 2013. He remains in custody to date.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Within the first year of supervision, Mr. Chumacera became non-compliant as evidenced by using cocaine in July 2012. As a sanction, he was placed in the most intensive phase of formal drug testing and never missed a urine sample.

Aside from the above noted non-compliant behavior, Mr. Chumacera appeared to be in compliance. He reported to the probation officer as instructed and was working full-time earing $20.17 an hour. However, based on his alleged continued involvement in drug trafficking, his adjustment to supervision is viewed as poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

During his term of supervision, Mr. Chumacera maintained stable residence and employment. As a result of working full-time, complying with the drug testing program, and reporting to the probation officer as instructed, he was afforded the opportunity to reside with his parents in Tijuana, B.C., Mexico, in November 2012. Additionally, the offender's girlfriend is currently pregnant and living in Mexico.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(1), and USSG § 7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (importation of a controlled substance) constitutes a Grade A violation. USSG § 7B1.1(a)(1)(A)(ii), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG § 7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 24 to 30 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG § 7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>5 years</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Chumacera was arrested for a new law violation while on supervised release in the underlying matter. He is pending adjudication in the new case. He is alleged to have imported approximately 4.95 kilograms of methamphetamine. A warrant can be lodged as a detainer as the offender is in custody on the new charges.

## RECOMMENDATION/JUSTIFICATION

Mr. Chumacera is a 28-year-old male, who began his five year term of supervised release in March 2011. Aside from testing positive for cocaine in July 2012, Mr. Chumacera appeared to be in compliance. He maintained stable residence, employment and complied with the drug testing program. However, based on the alleged drug trafficking activity during his supervision term, it appears he is not yet committed to remain law abiding. It is noted that in the underlying offense, he was convicted of importing methamphetamine and he is now again charged with the same offense. Consequently, if found in violation of his conditions of supervised release, it is recommended that his term be revoked and a term of 24 months custody be imposed consecutive to any sentence he receives in U.S. District Court, Southern District of California Dkt. No. 12MJ04693-001-MDD.

PROB12(C)

| | |
|---|---|
| Name of Offender: Julio Cesar Chumacera | December 27, 2012 |
| Docket No.: 06CR02250-001-WQH | Page 4 |

The low end of the suggested range appears appropriate considering the significant custody exposure he is facing in the new case. No further supervised release is recommended as he will likely receive a term if convicted in the new case.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: December 27, 2012**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

Reviewed and approved:

by _____
Larry Huerta
U.S. Probation Officer
619-409-5124

_____
Mary M. Murphy
Supervising U.S. Probation Officer

PROB12CW                                                                                                December 27, 2012

# VIOLATION WORKSHEET

1. **Defendant:** Chumacera, Julio

2. **Docket No.** (Year-Sequence-Defendant No.): 06CR02250-001-WQH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | importation of a controlled substance | A |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [   A   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                   [ 24 to 30 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB 12(C)

| | |
|---|---|
| Name of Offender: Julio Cesar Chumacera | December 27, 2012 |
| Docket No.: 06CR02250-001-WQH | Page 6 |

**THE COURT ORDERS:**

__✓__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(The offender is currently incarcerated at MCC, under Register No. 95498-198)

_____ THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON,   AT  , TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable William Q. Hayes
U.S. District Judge

Date 1/3/13